COLE, Circuit Judge,
dissenting.
Because the Terry stop conducted by the officers was not supported by reasonable suspicion, I respectfully dissent.
The vehicle was legally parked during the middle of the afternoon in front of an apartment complex. As the officers drove past the vehicle, they did not observe any suspicious activity by the vehicle’s occupants, nor was the location of the vehicle suspicious. The officers had not received any reports of criminal activity on Ridpath Avenue that afternoon. Even so, the officers ran the vehicle’s license plate number. The search revealed that the vehicle was registered not to a silver Toyota, but a red one. The vehicle matched the registration in all other respects. Based on this information, the officers suspected the vehicle was stolen. But the vehicle had not been reported stolen, and the officers had not received a complaint of a stolen vehicle matching the vehicle’s description. The color discrepancy alone — easily caused by a clerical error or recent paint job — is insufficient to create reasonable suspicion that the vehicle was stolen, and neither the officers’ previous experience, nor the fact that the vehicle was parked in a high-crime area, tips the scale toward a finding of reasonable suspicion.
Aside from this innocuous detail, the majority relies in part on the fact that this was a high-crime area, but we must be careful not to give this factor “undue weight,” United States v. Johnson, 620 F.3d 685, 693 (6th Cir.2010); see also United States v. Caruthers, 458 F.3d 459, 467 (6th Cir.2006) (cautioning against relying on this contextual factor “too easily or too heavily”), and the testimony here does not support the conclusion that car thefts occurred in this area with “unusual regularity,” Caruthers, 458 F.3d at 468 (quoting United States v. Montero-Camargo, 208 F.3d 1122, 1138 (9th Cir.2000)). For this reason, the fact that this vehicle happened to be parked in a general “high-crime area” is of de minimis significance to our analysis. See id. (explaining that this factor was permissibly considered given that “the crimes that frequently occur in the area are specific and related to the reason for which Caruthers was stopped ” (emphasis added)).
Additionally, the majority criticizes the district court for “negleet[ing] the officers’ testimony,” Maj. Op. at 402, that in their experience car thieves sometimes steal the license plate of a similar vehicle and put it on the stolen vehicle. But the motion to suppress hearing transcript reveals that the district court did not “neglect” this testimony, but found it unpersuasive given the fact that here neither the vehicle nor the plates had been reported stolen. When pressed by the district court on the relevance of the officers’ previous experience to the situation at hand, the government conceded that they failed to put forth evidence that in those previous experiences the stolen plates had not been reported stolen — as was the case here. This testimony, then, does not support the conclusion that the officers’ actions were reasonable in light of the benign circumstances of that afternoon.
Accordingly, because I believe the totality of the circumstances presented to the *404 officers that afternoon, properly viewed in light of their expertise and experience, was insufficient to create reasonable suspicion that the vehicle was stolen, I would AFFIRM the district court’s grant of Cooper’s motion to suppress.